## BENOIT v. UNITED STATES.

(Circuit Court, S. D. New York. April 21, 1892.)

### No. 665.

1. CUSTOMS DUTIES—CLASSIFICATION—COTTON-WOOL CLOTH.
   Goods composed in part of wool, but in chief value of cotton, are more specifically enumerated in Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule I, par. 355, 26 Stat. 593, as "manufactures of cotton" than in the provision in Schedule K, par. 392, 26 Stat. 596, for "manufactures of every description * * * in part of wool."

2. SAME—PROVISIONS EQUALLY APPLICABLE.
   A provision for "all manufactures of cotton" and one for "all manufactures of every description * * * in part of wool" are not equally applicable to cloth composed in part of wool but in chief value of cotton; the latter being less specific than the former. Therefore they are not controlled by the provision in Tariff Act Oct. 1, 1890, c. 1244, § 5, 26 Stat. 613, that, "if two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates."

3. SAME—"MANUFACTURES OF COTTON."
   The provision for "manufactures of cotton," in Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule I, par. 355, 30 Stat. 593, held to include materials composed in chief value of cotton and in part of another substance.

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision below, which is reported as G. A. 1064 (T. D. 12,250), the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by A. V.

Benoit. This merchandise consisted of cloth having a cotton warp and a wool weft. It was classified as dutiable under the provision in Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule K, par. 392, 26 Stat. 596, for "all manufactures of every description made wholly or in part of wool, * * * not specially provided for," and was claimed by the importer to be dutiable under Schedule I, par. 355, 26 Stat. 593, relating to "all manufactures of cotton not specially provided for." The Board found that "it is a manufacture of which cotton is the component material of chief value," but held that, as paragraph 355 does not contain a provision for manufactures in chief value of cotton, "the provision of paragraph 392 is equally as specific, and controls the classification of the goods, by reason of its imposing the higher rate of duty applicable," under section of said act (26 Stat. 613), which provided: "If two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates."

Curie, Smith & Mackie (W. Wickham Smith, of counsel), for importer.

James T. Van Rennsselaer, Asst. U. S. Atty.

LACOMBE, Circuit Judge (after stating the facts). The circumstance that the principal testimony of the witness called by the government is based, not upon the sample upon which the Board of Appraisers had based their decision, but upon another sample, seems to me insufficient to warrant me in setting aside their finding of fact. But taking the fact to be as they have found it, I think I must reverse their decision, in view of the different doctrine as to the law which has been laid down by the Supreme Court.

The decision is therefore reversed, and the collector is directed to classify the goods under section 355.